# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 18, 2009

138871

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

TERRANCE WARD,
        Defendant-Appellant.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138871
COA: 289477
Wayne CC: 07-013716-FC

On order of the Court, the application for leave to appeal the April 9, 2009 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur and write separately to explain why I believe it is unnecessary to hold this case in abeyance for the United States Supreme Court's decision in *Berghuis v Smith*, __ US __; 130 S Ct 48 (2009). Simply put, because, in my judgment, this Court's decision in *People v Smith*, 463 Mich 199 (2000), was correct—and, consequently, the Sixth Circuit panel's decision granting habeas relief to Smith was incorrect—there is no need to wait for the United States Supreme Court's decision, which may or may not even address the jury-venire issue that divides this Court and that panel.

In *People v Smith*, this Court considered whether Kent County's former jury-selection system violated the defendant's Sixth Amendment right to an impartial jury drawn from a fair cross-section of the community. This Court asserted that under *Duren v Missouri*, 439 US 357 (1979), to demonstrate a prima facie violation of the fair cross-section requirement, "defendant must show that a distinctive group was underrepresented in his venire or jury pool, and that the underrepresentation was the result of systematic exclusion of the group from the jury selection process." *Smith*, 463 Mich at 203. We concluded that defendant Smith had not satisfied this burden because he had failed to demonstrate "systematic exclusion." *Id.*

In *Smith v Berghuis*, 543 F3d 326, 340 (CA 6, 2008), a panel of the Sixth Circuit held that our decision in *Smith* constituted an unreasonable application of clearly

established federal law.  The panel first found fault in this Court's use of three tests for determining "fair and reasonable representation," although each of these has been employed by federal courts and the panel acknowledged that the United States Supreme Court "has not mandated that a particular method be used to measure underrepresentation in Sixth Amendment challenges."  *Berghuis*, 543 F3d at 337.  The panel's central holding, however, focused on our determination that the underrepresentation had not occurred as a result of "systematic exclusion."  *Id.* at 340.  Specifically, it concluded that, contrary to this Court's conclusion in *Smith*, the Sixth Amendment *is* concerned with the "disparate impact" of a jury-selection process when such disparities are rooted in "social and economic factors."  *Id.* at 341.  The panel did not cite the United States Supreme Court case that announced this legal principle—which it found that we (unreasonably) did not apply in *Smith*.

Moreover, in applying its own test to the facts of *Berghuis*, the panel still found that only one of defendant's proffered arguments constituted a Sixth Amendment violation and an unreasonable application of *Duren*, i.e., that the selection of district court jurors before the selection of circuit court jurors systematically siphoned off minority jurors from the circuit court pool.  *Id.* at 342.  On this point, the panel reasoned that we misapplied *Duren* by requiring that a defendant's proof be "unequivocal."  *Id.* at 343.  However, what we, in fact, required in *Smith* was not "unequivocal" proof, just *some* proof, explaining that "[n]o evidence has shown that district court juries contained more, fewer, or a number approximately equal to the number of minority jurors appearing in circuit court."  *Smith*, 463 Mich at 225.

Thus, in *Berghuis*, the Sixth Circuit applied a test without a basis in United States Supreme Court precedent and discerned a Sixth Amendment violation after misapprehending one of this Court's statements in *Smith*.  The Sixth Circuit's decision seems dubious even before the highly deferential standard of review of state law prescribed by Congress in the Anti-Terrorism and Effective Death Penalty Act (AEDPA) is considered.  Pursuant to AEDPA, a writ of habeas corpus shall not issue unless the state court adjudication "resulted in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 USC 2254(d)(1).  The Sixth Circuit itself has clarified that "clearly established federal law" is determined by "the holdings, as opposed to the dicta," of United States Supreme Court decisions, as of the time of the state court decision under review.  *Walls v Konteh*, 490 F3d 432, 436 (CA 6, 2007).  Further, that court has underscored the high level of deference demanded by AEDPA, explaining:  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also have been unreasonable."  *Id*. (citation and quotation marks omitted).

That is, the Sixth Circuit panel in *Berghuis*, acting in habeas, was bound by AEDPA to accord considerable deference to this Court's decision in *Smith*. Yet the panel appeared to substitute its own judgment about matters on which the United States Supreme Court has yet to speak. I would venture to suggest that when the Supreme Court considers *Berghuis*, it is more likely to address the Sixth Circuit's misapplication of AEDPA than it is the merits of this Court's understanding of "systematic exclusion." However, it is unnecessary to engage in this type of speculation in order to properly resolve the case before us. In *People v Jackson*, ___ Mich ___, order of the Michigan Supreme Court, entered December 18, 2009 (Docket No. 139428), the chief judge of the Wayne County Circuit Court reasonably relied on this Court's decision in *Smith* to rule that the county's jury-selection process did not "systematically exclude" minorities. Because our decision in *Smith* was correct, in my judgment, defendant's fair cross-section challenge fails and his application for leave to appeal is properly denied.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.

KELLY, C.J., and HATHAWAY, J., would hold this case in abeyance for *Berghuis v Smith*, cert gtd ___ US ___; 130 S Ct 48; 174 L Ed 2d 631 (September 30, 2009).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 18, 2009

*Corbin R. Davis*

Clerk